**Enrique Jaramillo MARTINEZ,**
**Petitioner–Appellant,**

v.

**Eugene ABBOTT, Warden, C.T.C.F;**
**John Suthers, The Attorney General**
**of the State of Colorado, Respon-**
**dents–Appellees.**

No. 09–1053.

United States Court of Appeals,
Tenth Circuit.

June 23, 2009.

Enrique Jaramillo Martinez, Canon
City, CO, pro se.

Before TACHA, TYMKOVICH, and
GORSUCH, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

DEANELL REECE TACHA, Circuit
Judge.

Petitioner–Appellant Enrique Jaramillo
Martinez, a state prisoner proceeding pro
se, seeks a certificate of appealability
("COA") to appeal from the district court's
denial of his petition for habeas relief pur-
suant to 28 U.S.C. § 2254. We take juris-
diction under 28 U.S.C. § 1291, DENY
Mr. Martinez's request for a COA, and
DISMISS this appeal.

Mr. Martinez pleaded guilty in 1994 to
two counts of sexual assault on a child.
His conviction and sentence were affirmed
on direct appeal and the Colorado Su-
preme Court denied certiorari review. In
2004, Mr. Martinez filed a § 2254 habeas
petition in federal district court and the
court dismissed the petition as time-
barred. See 28 U.S.C. § 2244(d). In De-
cember 2008, Mr. Martinez filed a second
§ 2254 habeas petition in federal district
court challenging his conviction and sen-
tence. The district court determined he
was raising the same claims he had raised
in his previous petition and denied the
petition as successive.[1] Mr. Martinez ap-
peals.

A habeas petitioner may not appeal the
denial of habeas relief under 28 U.S.C.
§ 2254 without first obtaining a COA. 28
U.S.C. § 2253(c)(1). Because the district

---

1. The district court determined it was not in
the interest of justice to transfer Mr. Mar-

tinez's petition to this circuit pursuant to 28
U.S.C. § 1631.

court denied Mr. Martinez's petition as successive, a COA may issue only if Mr. Martinez demonstrates that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

It is clear from the record in this case that the district court's procedural ruling was correct. *See Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir.1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (quotations omitted). The district court's determination that Mr. Martinez's second habeas petition did not raise any new claims was itself proper grounds for dismissal. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). Even if, however, Mr. Martinez had raised new claims in his second petition the petition would still have been appropriately dismissed on procedural grounds. He has not argued that any of his claims are based on "a new rule of constitutional law" or that the factual predicate for any of his claims "could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(a)(2)(A)–(B)(ii). Accordingly we conclude that reasonable jurists could not debate that the district court was correct in dismissing Mr. Martinez's petition. We therefore DENY a COA and DISMISS this appeal. Mr. Martinez's motion to proceed in forma pauperis is GRANTED.